UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TYRONE FORD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No.: 1:17-cv-00654-JLT (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner[1] has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming California's Three Strikes law is unconstitutionally vague in light of Johnson v. United States, 135 S.Ct. 2551 (2015), and he should be resentenced. Because his claims concern issues of state law, the Court is without habeas jurisdiction. Therefore, the Court will **DISMISS** the petition.

I.　　**PROCEDURAL HISTORY**

Petitioner is currently serving a sentence of 25-years-to-life under California's Three Strikes law for his conviction of armed robbery. (Doc. No. 1 at 1.) He suffered two prior strikes in 1983 for robbery and attempted robbery. (Doc. No. 1, Ex. C.) On June 22, 2016, Petitioner filed a petition for writ of habeas corpus seeking resentencing pursuant to Johnson. (Doc. No. 1 at 4.) On September 1,

---

[1] Petitioner consented to the jurisdiction of the Magistrate Judge on May 10, 2017.

1

2016, the Kern County Superior Court denied the petition finding his contentions without merit as a matter of state law, because his current conviction of armed robbery and his prior strikes for robbery and attempted robbery are clearly defined in the statutes as serious and violent felonies. (Doc. No. 1, Ex. C.) Petitioner appealed to the California Court of Appeal, Fifth District Court, which summarily denied the petition on December 8, 2016. (Doc. No. 1, Ex. B.) Petitioner then filed a petition for review in the California Supreme Court. The petition was summarily denied on February 15, 2017. (Doc. No. 1, Ex. A.) Petitioner filed this federal petition in this Court on May 1, 2017. (Doc. No. 1.)

## II.  DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner challenges the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). In order to state a claim for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40 (1992). Petitioner has failed to demonstrate such a violation here, because on its face, the petition shows no sentencing error or arbitrariness.

Petitioner claims California's Three Strikes Law is unconstitutionally vague because he was not provided sufficient notice given the vague language and/or residual clauses contained within the law. However, as found by the state court, there is nothing vague in the California statutes as applied to Petitioner. Petitioner was found guilty of armed robbery, and his two prior convictions were for robbery and attempted robbery. Section 667.5(c)(9) clearly states that "[a]ny robbery" is a "violent felony." Section 1192.7(c)(19) clearly lists "robbery or bank robbery" as a "serious felony." Petitioner's contention that this language is vague or arbitrary is implausible. Furthermore, the Court is bound by the state court's interpretation of state sentencing laws.

Petitioner's attempt to raise a federal due process claim by citing to Johnson is unavailing. In Johnson, the Supreme Court held that imposing an increased sentence under the Armed Career Criminal Act ("ACCA") violates due process. Johnson, 135 S.Ct. at 2563. Petitioner was not

sentenced under the ACCA, nor was he sentenced under any residual clause in California's Three Strikes Law. As noted above, the offenses of which he was convicted were clearly specified in the law. Petitioner fails to state a federal habeas claim and the petition must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**IV.    ORDER**

Accordingly, the Court **ORDERS**:

1) The petition for writ of habeas corpus is DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 12, 2017**                             /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE